IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>J C Penney Company, Inc.,<br><br>  Defendant. | CIVIL ACTION NO.<br><br>**CV413-070**<br><br><u>**JURY TRIAL DEMANDED**</u> |

## **COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Cecely C. Rogers ("Rogers") who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission, ("Plaintiff") alleges that Defendant J.C. Penney Company, Inc. ("Defendant") subjected Rogers

1

to unlawful discrimination by failing to hire her because of her pregnant status, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Brunswick Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Georgia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Cecely Rogers filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 11, 2010, Defendant engaged in unlawful employment practices at its Brunswick, Georgia, facility in violation of Sections 703(a) and (m) of Title VII, 42 U.S.C. §§ 2000e-2(a) and (m), by refusing to hire Rogers in whole or in part because of her sex/pregnancy, in violation of Title VII.

8. In or around late June 2010, Rogers applied for a Stylist position within the hair salon at Respondent's Brunswick, Georgia location.

9. On June 11, 2010, Rogers met with Salon Leader Leah Bolen ("Bolen"). Bolen informed Rogers that Respondent's Las Vegas salon, where

Rogers previously worked as a Stylist, had confirmed that she was rehireable; that she would be re-hired as a part-time employee because she did not have an established clientele; and that her schedule would consist of working Wednesdays, Fridays, Saturday evenings, and occasional Sundays.

10. Rogers disclosed her pregnancy to Bolen during this meeting.

11. Bolen agreed to contact Rogers the following week to schedule a meeting with Store Manager Bob Humm ("Humm").

12. On June 19, 2010, Bolen informed Rogers that Humm decided not to offer her the position because she would be taking a lot of time off due to her pregnancy. Bolen further informed Rogers that Humm stated that he had not had much luck hiring pregnant women.

13. After informing Rogers of the decision not to offer her employment, Bolen encouraged Rogers to re-apply for the position after giving birth and getting settled with her baby.

14. Rogers' status as a pregnant female was at minimum an unlawful motivating factor in the Defendant's failure to offer her employment.

15. The effects of the practices complained of in paragraph 7 through 14, above, have been to deprive Rogers of equal employment opportunities and

otherwise adversely affect her status as an employee because of her sex and/or pregnancy.

16. The unlawful employment practices complained of in paragraph 7 through 14, above, were intentional.

17. The unlawful employment practices complained of in paragraph 7 through 14, above, were carried out with malice and/or reckless indifference to the federally protected rights of Rogers.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from refusing to hire and/or terminating employees on the basis of sex and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Rogers, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make whole Rogers, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 14, above, including job search expenses and medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant to make whole Rogers, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 14, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress and humiliation in amounts to be determined at trial.

F.  Order Defendant to pay to Rogers punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 7 through 14, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

| | |
|---|---|
| 03/ 21 /2013 | s/ Robert K. Dawkins |
| Date | Robert K. Dawkins |

Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Sairalina Corniel
Trial Attorney
Georgia Bar No. 940665
sairalina.corniel@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile:  (404) 562-6905

EDWARD J. TARVER
UNITED STATES ATTORNEY


s/ *Melissa S. Mundell*
Melissa S. Mundell
Assistant United States Attorney
Georgia Bar No. 529475
Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422
E-Mail: Melissa.Mundell@usdoj.gov

9